UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRYAN MONTERO, et al.,

                Plaintiffs,

v.

PRIMO HOME SERVICES INSTALLATION INC., et al.,

                Defendants.

23-CV-7340 (DEH)

**ORDER**

---

DALE E. HO, United States District Judge:

On May 10, 2024, the parties filed a joint letter motion seeking approval of their settlement of Plaintiff's claims.  *See* ECF No. 29.  Attached to the letter motion is the executed settlement agreement.

It is hereby **ORDERED** that the parties' motion for approval of the settlement is **DENIED**, without prejudice to renewal.  In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor."  *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599-600 (2d Cir. 2020) (outlining the factors that district courts have used to determine whether a proposed settlement and award of attorneys' fees is fair and reasonable); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206-07 (2d Cir. 2015).  The parties do not provide sufficient information to conclude that the settlement is fair and reasonable, based on the nature and scope of Plaintiff's claims and the risks and expenses involved in additional litigation.  The settlement payment totals $20,000.  Under the terms of the agreement, Plaintiff's counsel will receive $7,062, or 35.31% of the total settlement payment in attorneys' fees and

costs.[1]  The remaining amount, $12,938, will be split evenly among the three Plaintiffs, with each receiving $4,312.67.[2]  However, it is unclear what portion of each Plaintiff's unpaid wages or total recovery this represents.  The parties do not provide this amount, nor has the Court been able to derive it from the parties' motion or the pleadings.  The parties' letter motion states only that Plaintiffs were paid a flat daily salary of $125 per day, irrespective of overtime hours.  However, it is unclear how many days per week Plaintiffs received this flat pay.  Without this information, it is not possible to determine "the plaintiff's range of possible recovery." *Fisher*, 948 F.3d at 600.  The Complaint alleges that Plaintiffs Montero and Villa seek damages "in an amount exceeding $100,000.00." Compl. ¶ 32, ECF No. 1.  To the extent that Montero and Villa are receiving less than 9% of their demanded recovery, the parties' letter does not provide a sufficient basis to assess "the seriousness of the litigation risks faced by the parties" to make this percentage appropriate. *Fisher*, 948 F.3d at 600.

It is further **ORDERED** that the parties shall file any renewed motion for approval of the settlement by **May 31, 2024**.  The parties shall include sufficient information to allow the Court to perform the analysis contemplated by the Second Circuit.  The parties shall also review their breakdown of settlement funds, given at page four of their letter motion, to ensure that the amounts listed comport with the settlement agreement.

---

[1] The parties' calculations of certain amounts in their letter motion seeking approval of the settlement agreement differ from those listed in the signed settlement agreement.  As listed in § 3 of the parties' agreement, Defendants shall provide four checks of $1,765.50, or $7,062.00 in total, representing payment of Plaintiff's attorneys' fees and costs.  *See* ECF No. 29-1, §§ 3(a)(ii), 3(b)(iv), 3(c)(iv), 3(d)(iv).

[2] Although ECF lists only two Plaintiffs, Bryan Montero and Damiand Villa, the parties' letter motion also describes "the potential opt-in Plaintiff Nicholas Torres" and the Complaint includes allegations regarding Torres.  *See* ECF No. 29, at 1; Compl. ¶ 29, ECF No. 1 ("Plaintiff NICHOLAS TORRES worked eighty four (84) hours per week during his employment by Defendants from in or around March 15th 2023 until in or around May 15th, 2023[.]").

Dated: May 21, 2024
      New York, New York

                                      DALE E. HO
                              United States District Judge